IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>DANNY PAULO GOMEZ-HERRERA,<br><br>      Defendant. | Case No. 2:16-CR-20031-JAR-1 |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Danny Paulo Gomez-Herrera's pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines (Doc. 518). Specifically, Defendant's motion asserts he is entitled to a sentence reduction based upon the fact he is a "Zero-Point Offender." The motion is fully briefed, and the Court is prepared to rule. For the reasons discussed below, the Court dismisses Defendant's motion.

**I.   Facts**

On February 3, 2017, Defendant pled guilty to Count I of the Indictment; namely conspiracy to possess with intent to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 846 and 841.[1] On February 3, 2020, the court[2] sentenced Defendant to 264 months' imprisonment.[3]

---

[1] Doc. 151.

[2] This case was transferred to the undersigned on June 12, 2020. Doc. 443.

[3] Doc. 402.

On February 27, 2024, Defendant filed the instant motion seeking a reduction in his sentence based on the fact that he is a "Zero-Point Offender."[4]

**II.     Standard**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[5]  Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[6]

Additionally, the Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023.[7]  Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[8]  With respect to the guideline for Zero-Point Offenders, a defendant is eligible for a two-level reduction in his offense level if he or she meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;

---

[4] Doc. 518.

[5] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[6] *See* 18 U.S.C. § 3582(c)(2).

[7] U.S. Sent'g Guidelines Manual (U.S. Sent'g Comm'n 2023).

[8] U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023).

>            (7) the defendant did not possess, receive, purchase, transport,
>            transfer, sell, or otherwise dispose of a firearm or other dangerous
>            weapon (or induce another participant to do so) in connection with
>            the offense;
>            (8) the instant offense of conviction is not covered by § 2H1.1
>            (Offenses Involving Individual Rights);
>            (9) the defendant did not receive an adjustment under § 3A1.1
>            (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious
>            Human Rights Offense); and
>            (10) the defendant did not receive an adjustment under § 3B1.1
>            (Aggravating Role) and was not engaged in a continuing criminal
>            enterprise, as defined in 21 U.S.C. § 848 . . . ."[9]

### III.   Discussion

Defendant's motion, construed liberally, seeks a reduction in sentence based on Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2). As noted, Defendant maintains that he was assigned no criminal history points and that, accordingly, he is a Zero-Point Offender entitled to a decrease of two offense levels. However, as the government correctly argues, Defendant fails to meet Amendment 821's eligibility requirements.

Defendant fails to qualify for a retroactive reduction under U.S.S.G. § 4C1.1 because he received an adjustment under U.S.S.G. § 3B1.1(c) for being an organizer, leader, manager, or supervisor in the charged drug conspiracy. Indeed, Defendant received a four-level enhancement for his role in the offense.[10] In addition, Defendant fails to qualify for a retroactive reduction under U.S.S.G. § 4C1.1 because he possessed a firearm in connection with the relevant offense.[11]

---

[9] *See* U.S.S.G. § 4C1.1(a).

[10] *See* PSR, Doc. 215 ¶ 183.

[11] U.S.S.G. § 4C1.1(a)(7) (stating that adjustment for certain zero-point offenders applies only if the defendant did not possess firearm or other dangerous weapon in connection with offense); *United States v. Verdin-Garcia*, No. 05-20017-01, 2024 WL 554043, at *2 (D. Kan. Feb. 12, 2024) (holding the defendant was ineligible for an Amendment 821 reduction because he received a sentencing enhancement for using firearms during the offense).

3

Indeed, Defendant received a two-level enhancement for utilizing a firearm during the commission of his offense.[12]

Thus, the changes to the United States Sentencing Guidelines based on Amendment 821 are inapplicable to Defendant.  Because the sentence reduction is not authorized, the Court lacks jurisdiction to reduce Defendant's sentence.[13]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines (Doc. 518) is **dismissed**.

**IT IS SO ORDERED.**

Dated: April 9, 2024

                                              s/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE

---

[12] *See* PSR, Doc. 215 ¶ 178.
[13] *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014).