IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

DANNY PAULO GOMEZ-HERRERA,

      Defendant.

Case No. 16-20031-JAR-1

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Danny Paulo Gomez-Herrera's Pro Se

Motion to Reduce Sentence Pursuant to Amendment 2025 of the United States Sentencing

Guidelines (Doc. 525). The motion is fully briefed, and the Court is prepared to rule. For the

reasons discussed below, the Court dismisses Defendant's motion.

## I.    Background

On February 3, 2017, Defendant pled guilty to Count 1 of the Indictment; namely,

conspiracy to possess with intent to distribute more than 50 grams of methamphetamine in

violation of 21 U.S.C. §§ 846 and 841.[1]

On February 3, 2020, the court[2] sentenced Defendant to 264 months' imprisonment,[3]

which was a departure and variance from the advisory guideline range.[4] Under the guidelines,

the court determined that the total offense level was 43, which included 2-level increases from

the base offense level under U.S.S.G. §§ 2D1.1(b)(1), 2D1.1(b)(5), and 2D1.1(b)(12). That

---

[1] Docs. 68, 151.

[2] This case was transferred from the Honorable Carlos Murguia to the undersigned on June 12, 2020, after sentencing. Doc. 443.

[3] Doc. 402.

[4] Doc. 403.

offense level also included a 4-level increase for being a leader or organizer under U.S.S.G. § 3B1.1(a).  With zero criminal history points, Defendant's guideline range was life imprisonment.

In the instant motion, Defendant asks the Court to impose a sentence reduction based on "Amendment 2025" to the United States Sentencing Guidelines.  He points to his minor role in the offense as a basis for the reduction.  Liberally construing Defendant's motion, as the Court must,[5] the Court considers whether Defendant is entitled to a sentence reduction under Amendment 833 to the guidelines, which became effective on November 1, 2025.[6]

## II.    Discussion

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions."[7]  One of these exceptions is provided for in 18 U.S.C. § 3582(c)(2), which allows the Court to reduce a sentence for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

In order to obtain a sentence reduction under this provision, Defendant must overcome three hurdles: (1) "under the statute's 'based on' clause, the defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered subsequent to defendant's sentencing"; (2) under the statute's "'consistent with' clause, the defendant must establish his request for a sentence reduction is consistent with the Commission's policy statements related to § 3582(c)(2)"; and (3) "the defendant must convince the district court he is

---

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] U.S. Sent'g Guidelines Manual app. C, vol. IV, amend. 833 (U.S. Sent'g Comm'n 2025).

[7] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (alteration in original) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

entitled to relief in light of the applicable sentencing factors found in 18 U.S.C. § 3553(a)."[8]

Failure to meet the first requirement is jurisdictional.[9]

Amendment 833 expands the application of the mitigating-role adjustment in drug cases under U.S.S.G. § 2D1.1.  But  the Sentencing Commission has not made Amendment 833 retroactively applicable to offenders who are currently incarcerated.[10]  Therefore, Defendant has not shown that he meets the statute's "based on" clause, and the Court lacks jurisdiction to reduce his sentence under this provision.  Accordingly, the Court must dismiss Defendant's motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Danny Paulo Gomez-Herrera's Pro Se Motion to Reduce Sentence Pursuant to Amendment 2025 of the United States Sentencing Guidelines (Doc. 525) is **dismissed**.

**IT IS SO ORDERED.**

Dated: May 11, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[8] *United States v. C.D.*, 848 F.3d 1286, 1289–90 (10th Cir. 2017).

[9] *Id.* at 1289.

[10] U.S.S.G. § 1B1.10(a)&(d)  ("In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).").  Amendment 833 is not listed under subsection (d).